IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHANCE ARCENEAUX AND** | * | |
| **VICTORIA ARCENEAUX** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **ALLIED TRUST INSRUANCE** | * | **MAGISTRATE JUDGE:** |
| **COMPANY** | * | |
| | * | |

**************************************************************************

**COMPLAINT FOR DAMAGES**

**NOW INTO COURT,** through undersigned counsel, comes complainants, Chance Arceneaux and Victoria Arceneaux (hereinafter "Complainants"), and file their Complaint for Damages against defendant, Allied Trust Insurance Company (hereinafter "Allied Trust"), respectfully averring as follows:

**I. PARTIES**

**1.**

Made Plaintiff herein is **CHANCE ARCENEAUX**, an adult resident of the Parish of Calcasieu, Louisiana.

**2.**

Made Plaintiff herein is **VICTORIA ARCENEAUX**, an adult resident of the Parish of Calcasieu, Louisiana.

**3.**

Made Defendant herein is **ALLIED TRUST INSURANCE COMPANY**, an insurer domiciled in the State of Florida who is authorized to do and is doing business in the State of Louisiana and the Parish of Calcasieu, which may be served through its Registered Agent for

Service of Process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## II.  JURISDICTION AND VENUE

**4.**

Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332 and 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

**5.**

Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; Complainants resides in this District and the property that is subject to the dispute between Complainants and Allied Trust is located in this District.

## III.  RELEVANT FACTS

**6.**

At all times relevant hereto, Complainants owned the property located at 3444 Waterview Drive, Lake Charles, Louisiana 70607 (the "Property").

**7.**

At all times relevant hereto, Allied Trust provided a policy of insurance, number 845355 (the "Policy"), to Complainant, which covered the Property against perils including hurricanes and provided the following coverages:  $375,000 for Dwelling; $37,500 for Other Structures; $187,500 for Personal Property; $75,000 for Loss of Use; *inter alia*.

**8.**

On or around August 27, 2020, Hurricane Laura caused significant damages to Complainant's Property.

**9.**

Complainants promptly reported the loss to Allied Trust, who assigned it claim number 2015676 (the "Laura Claim").

**10.**

Complainants were immediately displaced by the storm, but could not find long term arrangements until September 1, 2021, when they secured a furnished rental property for $6,500 per month.

**11.**

Complainants have expended substantial sums on travel and mileage as a result of their displacement.

**12.**

To date, Complainants have not been able to resume residence of their Property and Allied Trust has not timely and adequately compensated them for their additional living expenses.

**13.**

After the loss, Allied Trust dispatched an adjuster who found that policy limits should be paid on the dwelling and other structures claims, $375,000 and $37,500, respectively. No payments were made for Complainants substantial contents loss, though that loss was clearly in excess of policy limits as well.

**14.**

Allied Trust's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

**15.**

Complainants were unable to replace their damaged contents without proper compensation from Allied Trust.

**16.**

Complainants were forced to incur the expense of retaining counsel and other expenses to prosecute their claim.

**17.**

On or about October 8, 2020, Mario Barrilleaux of Complete Adjusting Services, LLC ("CAS") inspected Complainants' contents, and together with them created a detailed contents list documenting $242,107.89 in lost/damaged personal property—far in excess of the Policy's $187,500 limits.

**18.**

On or around October 19, 2020, a demand for the release of unconditional tenders was sent to Allied Trust, along with the CAS contents list.

**19.**

This submission constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

**20.**

On or around December 18, 2020, Allied Trust tendered $34,292.96 for Complainants' additional living expenses. On or about December 22, 2020, Allied Trust tendered $82,500 to Complainants for their content loss, taking into account prior payments of $5,000 and $100,000. On or around March 30, 2021, Allied Trust tendered a supplement of $13,783.66 in additional living expenses.

**21.**

Upon information and belief, Allied Trust's failure to timely and adequately compensate Complainants for their loss, after receiving satisfactory proof of loss, was purposeful or at least negligent.

**22.**

Upon information and belief, Allied Trust purposely and/or negligently misrepresented to Complainants the terms and conditions of the Policy.

**23.**

Upon information and belief, Allied Trust conducted the investigation and claims handling for Complainant's claim in bad faith, as that term is term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

**24.**

Complainants have incurred or will incur additional living expenses as a result of the damages caused to their Property by Hurricane Laura, including those additional living expenses that will be incurred during the repair of the Property.

## III. CAUSES OF ACTION

### A. Breach of the Insurance Contract

**25.**

Complainants reallege and re-aver the allegations contained in paragraphs 1-24, above, as if restated herein.

**26.**

An insurance contract, the Policy, exists between Complainants and Allied Trust.

**27.**

The Policy provides coverages for perils including hurricanes.

**28.**

Despite having received satisfactory proof of loss for damages caused by Hurricane Laura, Allied Trust failed to timely tender adequate insurance proceeds as required by the Policy.

**29.**

By failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss by way of Allied Trust's inspections of the property, Allied Trust breached the Policy.

**30.**

By failing to timely tender undisputed insurance proceeds after having received satisfactory proof of a covered loss by way of the CAS contents list, Allied Trust breached the Policy.

**31.**

By purposely and/or negligently misrepresenting to Complainants the terms and conditions of the Policy, Allied Trust breached the Policy.

**32.**

By failing to conduct the claims handling for Complainant's Laura Claim in good faith and with fair dealing, Allied Trust breached the Policy.

**33.**

Complainants have suffered and continue to suffer damages as a result of these breaches of the Policy.

**B. Bad Faith**

**34.**

Complainants reallege and re-aver the allegations contained in Paragraphs 1-33, above, as if restated herein.

**36.**

The actions and/or inactions of Allied Trust in failing to timely and adequately compensate Complainants for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Allied Trust liable for statutory bad faith penalties.

**37.**

Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

**38.**

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary,

capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

**39.**

La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

**40.**

Allied Trust is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Complainants adequate payment in connection with their Laura Claim, despite having received satisfactory proof of loss following its own inspections of the Property and following its receipt of independent proofs of loss from Complainants.

**41.**

Allied Trust's misrepresentation of the relevant facts and/or the terms of the Policy was in bad faith.

**42.**

Allied Trust's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

**43.**

Allied Trust's failure to pay timely for damages it knew, or should have known, existed at the time it received the CAS contents list was in bad faith.

**44.**

Allied Trust's handling of Complainants' Laura Claim was in bad faith.

## IV. DAMAGES

**45.**

Complainants reallege and re-aver the allegations contained in Paragraphs 1-44, above, as if restated herein.

**46.**

As a result of Allied Trust's breaches of contract, bad faith claims adjusting, and other bad acts, Complainants have incurred the following, non-exclusive damages:

a. Diminution of the value of the Property;

b. Actual repair costs;

c. Reimbursement for personal repairs at the Property;

d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

e. Additional living expenses;

f. Mental anguish;

g. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

h. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

**54.**

Complainants requests a trial by jury.

**55.**

**WHEREFORE,** Complainants, Chance and Victoria Arceneaux, prays that, Defendant, Allied Trust Insurance Company, be served with a copy of this Complaint and be duly cited to

appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Complainants, Chance and Victoria Arceneaux, and against Defendant, Allied Trust Insurance Company, in an amount that will fully and fairly compensate Complainants pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

        **RESPECTFULLY SUBMITTED:**

_____
Galen M. Hair, La. Bar. No. 32865
Trent J. Moss, La. Bar No. 37406
**HAIR SHUNNARAH TRIAL ATTORNEYS, LLC.**
**d/b/a INSURANCE CLAIM HQ**
**d/b/a INSURANCE CLAIM LAWYERS, INC.**
3540 S. I-10 Service Road, W., Suite 300
Metairie, Louisiana 70001
Telephone: 504.684.5200
Facsimile: 504.613.6351

**PLEASE SERVE:**

**Allied Trust Insurance Company**
*Through its Registered Agent of Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809.